NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 14

No. 2016-288

| | |
|---|---|
| In re Guardianship of N.P. (J.F. and E.G., Appellants) | Supreme Court |
| | On Appeal from Superior Court, Windsor Unit, Probate Division |
| | January Term, 2017 |

Joanne M. Ertel, J.

Jennifer L. Bjurling of Bjurling Law, PLLC, White River Junction, for Petitioners-Appellants.

William H. Sorrell, Attorney General, Montpelier, and Jody A. Racht, Assistant Attorney General, Waterbury, for Amicus Curiae Department for Children and Families.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1. **SKOGLUND, J.** Paternal grandmother and paternal aunt appeal from a decision by the probate court dismissing their petition for guardianship over N.P., now three years old (d/o/b 2/8/14), and from a decision declaring as moot their motion to transfer guardianship proceedings to the family court. We reverse and remand to the probate court for proceedings as outlined in this decision.

¶ 2. The probate court dismissed the petition for appointment of guardian because it believed it "may not even consider a Petition for Appointment of Guardian" because the family division "has exclusive jurisdiction over the child." In dismissing the petition, the court relied on 33 V.S.A. § 5103(a), which states that the family division "shall have exclusive jurisdiction over all

proceedings concerning a child who is or who is alleged to be . . . a child in need of care or supervision brought under the authority of the juvenile judicial proceedings chapters." The term "juvenile judicial proceedings chapters" means Chapters 51, 52, and 53 of Title 33. See 33 V.S.A. § 5102(14).

¶ 3.    Finding no jurisdiction and having dismissed the petition, the probate court found that the second motion, seeking a transfer of guardianship to the family division, was moot. See 14 V.S.A. § 2624(b)(1)(A) (mandating that any "custodial minor guardianship proceeding brought in the Probate Division . . . shall be transferred to the Family Division if there is an open proceeding in the Family Division involving custody of the same child"). There was an open proceeding in the family division involving custody of N.P., and the State asks this Court to take judicial notice of the docket sheet in same. We do so only to verify that, at the time the motions were filed in the probate division, there was a child in need of care or supervision (CHINS) proceeding involving N.P. that began in October 2014 and that N.P. was adjudicated CHINS and placed in the legal custody of the Department for Children and Families Commissioner pursuant to a disposition order issued by the family division.

¶ 4.    The Juvenile Judicial Proceedings Act (JJPA) reflects the State's intent to create one judicial forum where provisions of the JJPA related to children who are CHINS are executed and enforced. See 33 V.S.A. § 5101(a)(6) (defining one of JJPA's purposes as providing "judicial proceedings through which the provisions of [the JJPA] are executed and enforced"), id. § 5103(a) (giving family division "exclusive jurisdiction over all proceedings" concerning children adjudicated CHINS). It did not remove from the probate division the authority to receive petitions for the appointment of a guardian for a child. See 14 V.S.A. § 2623(a) (providing that "[a] parent or a person interested in the welfare of a minor may file a petition with the Probate Division of the Superior Court for the appointment of a guardian for a child"). However, recognizing the need for a consistent approach to child welfare, the Legislature saw fit to create a process to address the

2

situation where a petition for guardianship of a child is filed in the probate division when there is an ongoing judicial proceeding pursuant to the JJPA. See 14 V.S.A. § 2624(a), (b)(1)(A). Thus, it enacted § 2624 to ensure that a child entangled in a juvenile justice proceeding will not become the subject of a probate guardianship proceeding at the same time. Specifically, § 2624 gives the probate division "exclusive jurisdiction" over guardianship proceedings, except when there are open proceedings in both the probate and family divisions involving custody of same child, in which case the guardianship proceeding "shall be transferred to the Family Division." Assigning priority to one judicial division clarifies that a probate guardianship proceeding should not take precedence or interfere with a judicial proceeding pursuant to the JJPA.

¶ 5.    Section 2624 also mandates that the probate judge and the superior judge assigned to the child's case will confer about the case. 14 V.S.A. § 2624(b)(2)(A). It also provides suggested remedies to be applied when the situation arises, including consolidation of the minor guardianship case with the pending matter in the family division or transferring the guardianship petition back to the probate division for further proceedings after the pending matter in the family division has been adjudicated. Id. § 2624(b)(2)(C). It does not create a right to party status in a pending CHINS case, it merely clarifies the process.

¶ 6.    Therefore, while the probate court was correct in asserting the general statement on jurisdiction, it failed to recognize the responsibilities imposed upon it when confronted with the petition for guardianship and the motion to transfer the cause to the family division. It failed to comply with the statutory procedures set forth in Title 14 designed to avoid judicial duplication and confusion and to assist in prompt resolution of child custody issues. We reverse and remand for the probate court to satisfy the requirements of § 2624, including § 2624(b)(2)(A), which requires the

3

probate judge to confer with the superior judge assigned to the family division regarding jurisdiction over the proceeding.

Reversed and remanded.

FOR THE COURT:

_____

Associate Justice